IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM MAURICE NEWKIRK,<br>*aka* "Pelly,",<br><br>Defendant. | CR 20-25-BLG-SPW-1<br><br>ORDER |

Before the Court is Defendant William Maurice Newkirk's Motion to Sever Counts. (Doc. 195). The United State opposes the motion. (Doc. 199). For the following reasons, the Court denies Defendant's motion.

**I.   Analysis**

Defendant Newkirk is charged by superseding indictment with 17 counts falling into four categories. (Doc. 86). Counts 1-8 and 26-27 deal with sex trafficking offenses, Counts 13-15 and 19 allege distribution of illegal drugs, Count 21 charges possession of a firearm in furtherance of a drug trafficking offense, and Counts 23 and 24 charge Newkirk with instances of being a felon in possession of a firearm.

1

Joinder and severance of counts in a single indictment are governed by Rules 8(a) and 14(a) of the Federal Rules of Criminal Procedure. Rule 8(a) governs improper joinder of counts. The rule states that joinder of separate counts is permissible where the offenses charged are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The validity of the joinder is determined solely on the face of the allegations in the indictment. *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990). If the counts are not related in one of the three described manners, they must be charged and tried separately. However, Rule 8 has been broadly construed in favor of initial joinder. *United States v. Jawara*, 474 F.3d 565, 573 (9th Cir. 2007) (citing *United States v. Friedman*, 445 F.2d 1076, 1082 (9th Cir. 1971)).

In assessing whether an indictment meets the "same or similar character" prong of Rule 8(a), the Ninth Circuit considers the similarity of the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims. *Jawara*, 474 F.3d at 578. The weight given to a particular factor will depend on the specific context of the case and the allegations in the indictment. But the bottom line is that the similar character of

the joined offenses should be readily apparent or reasonably inferred from the face of the indictment. *Id.*

The Ninth Circuit has not specifically defined the requisite nexus for a "common scheme or plan"—however, the court has noted that cases where the element is satisfied typically involve a "concrete connection between the offenses that goes beyond mere thematic similarity." *Id.* at 574. Example factors to consider include temporal proximity, comingling of criminal behavior, and whether one criminal act flowed directly from another, such as tax evasion to cover up financial crimes. *Id.* at 574-75.

Rule 14 grants a court permission to order separate trials of counts if joinder under Rule 8 appears to prejudice a defendant or the government. The burden of establishing prejudice falls upon the party seeking severance. *United States v. Hoelker*, 765 F.2d 1422, 1426 (9th Cir. 1985). Even if there is some prejudice, the Supreme Court has stated that Rule 14 leaves the tailoring of relief, such as limiting instructions to the jury, to the district court's sound discretion. *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993).

Newkirk raises two grounds supporting severance. (Doc. 196 at 2-3). First, he asserts that Rule 8 mandates severance because the firearm possession counts are not factually related to the sex trafficking counts and the drug trafficking counts are not related to the sex trafficking counts. (Doc. 196 at 2).

3

The Government must prove that joinder is appropriate; Newkirk must prove that joinder is manifestly prejudicial. The Government argues that the counts are all properly joined as of the same or common character or as part of a common scheme or plan. (Doc. 199 at 10-11). As charged in the Superseding Indictment, the firearms, drugs, and trafficking offenses allegedly occurred during the same time period and the offense conduct apparently overlapped—such as giving the alleged sex trafficking victims drugs or possessing a firearm on the same dates as other charged counts. (Doc. 86). Many counts share victims, witnesses, or physical locations, such as cars. This is sufficient to permit joinder under Rule 8.

Newkirk also urges the court to sever the counts under Rule 14, asserting that allowing the jury to hear evidence relating to selling drugs and possessing firearms will unduly prejudice the jury on the sex trafficking charges. (Doc. 196 at 4). Newkirk analogizes joinder to improper character evidence, stating that the jury, if allowed to hear the evidence on all counts, will be tempted to convict Newkirk for who he is rather than what the Government has proved. The Government responds that the prejudice Newkirk asserts is merely speculative and that any prejudice from the interconnected counts is not unfair. (Doc. 199 at 12).

The Court agrees with the Government. The many counts are interconnected, as outlined in the Rule 8 discussion above. The drug and sex trafficking counts rely on much of the same evidence, including several of the

4

same victims. Any prejudice that arises cannot be said to be unfair because that prejudice stems from the fact the Newkirk is accused of many crimes. Furthermore, concerns that prejudice from one count may bleed into another can be addressed through limiting instructions at trial, if appropriate.

## II. Conclusion

IT IS HEREBY ORDERED Defendant Newkirk's Motion to Sever Counts (Doc. 195) is DENIED.

DATED this 23rd day of November 2021.

_____
SUSAN P. WATTERS
United States District Judge